<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TREY LENTZ, | : | |
| Plaintiff, | : | Civ. No. 24-1133 (GC)(TJB) |
| v. | : | |
| RYAN DILL, et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

<u>**CASTNER, District Judge**</u>

Plaintiff Trey Lentz is incarcerated at Monmouth County Correctional Institution in Freehold, New Jersey. Plaintiff, who is pro se, has filed an "Amended Complaint" and a Civil Cover Sheet that lists Lentz v. Dill, Civ. No. 23-22490 (MAS), as a "related action." (*See* ECF No. 1 at 6; ECF No. 1-1.) Plaintiff has not applied for *in forma pauperis* ("IFP") status or submitted the $402.00 filing fee. (*See* ECF. Nos. 1-2). Although the Clerk of the Court docketed Plaintiff's submission as a new action, Plaintiff may have intended to file an amended complaint in Civ. No. 23-22490 (MAS). As explained below, the Court will administratively terminate this action and provide Plaintiff with 30 days to clarify whether he intended to file an amended complaint in Civ. No. 23-22490 (MAS) or intended to file a new action. If Plaintiff intended to file a new action and wishes to reopen this case, he must submit a complete IFP application <u>or</u> pay the $405.00 filing fee within 30 days.

The Prison Litigation Reform Act of 1995 (the "PLRA"), which amended 28 U.S.C. § 1915, requires a prisoner seeking IFP status to include an affidavit, including a statement of all

assets, which states that the prisoner is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). The PLRA also requires the prisoner to submit a copy of the inmate trust fund account statement for the six-month period immediately preceding the complaint's filing, which must be certified by the appropriate prison official. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during the six-month period. *Id.*

After a prisoner is granted *in forma pauperis* status, he must pay the full amount of the $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1), (b)(2). Moreover, even if the plaintiff pays the required fees and the Court accepts the complaint for filing, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If a prisoner has brought a federal action or appeal that was dismissed on the grounds listed above on three or more prior occasions, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

As noted above, Plaintiff filed an "Amended Complaint" and a Civil Cover Sheet that lists Civ. No. 23-22490 (MAS) as a "related action." (*See* ECF No. 1 at 6; ECF No. 1-1.) He has not applied for *in forma pauperis* ("IFP") status or submitted the $405.00 filing fee. Moreover, the timing suggests that Plaintiff intended to file an amended complaint in Civ. No. 23-22490 (MAS). In November 2023, Plaintiff filed a civil action against the same Defendants, and that matter was assigned to the Honorable Michael A. Shipp. (*See id.*, ECF No. 1.) On January 26, 2024, Judge Shipp dismissed the original complaint and provided Plaintiff with leave to submit an amended complaint. (*Id.*, ECF No. 4-5.) On February 11, 2024, Plaintiff sent a letter to the Court seeking

the forms to file an amended complaint. (*Id.*, ECF No. 6.) Plaintiff submitted his "Amended Complaint" on February 20, 2024, and the Clerk docketed it as a new action. (Civ. No. 24-1133, ECF No. 1 at 5.)

At this time, the Court will administratively terminate this action without directing the Clerk of Court to file the complaint or assess a fee. Within 30 days, Plaintiff shall clarify in writing whether he intended to file an amended complaint in Civ. No. 23-22490. If so, the Court will direct the Clerk to docket his submission as an amended complaint in 23-22490 and close this matter accordingly. If Plaintiff intended to file a new action and wishes to reopen this case, he must submit a complete IFP application[1] <u>or</u> pay the $402.00 filing fee within 30 days.

IT IS, therefore, on this 12th day of March 2024,

ORDERED the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter without filing the complaint or assessing a fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

ORDERED that, within 30 days, Plaintiff shall clarify in writing whether he intended to file an amended complaint in Civ. No. 23-22490 (MAS); and it is further

ORDERED that if Plaintiff notifies the Court in writing that he intended to file an amended complaint in Civ. No. 23-22490 (MAS), the Court will direct the Clerk of the Court to docket Plaintiff's submission (ECF No. 1) as an amended complaint in 23-22490 and close this matter accordingly; and it is further

---

[1] If Plaintiff receives IFP status, he must pay the $350.00 fee in installments.

3

ORDERED that if Plaintiff intended to file a new complaint and wishes to reopen this case, he shall submit a complete IFP application or pay the $405.00 filing fee within 30 days; Plaintiff shall address his submission to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

ORDERED that the Clerk shall serve copies of this Order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case upon Plaintiff by regular U.S. mail.

*Georgette Castner*
_____
GEORGETTE CASTNER
United States District Judge